IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sawitre Ann Massey, | ) | Civil Action No. 2:14-3936-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| The Boeing Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 27), recommending that Defendant's motion for summary judgment be granted. For the reasons stated below, the Court adopts the R & R, and Defendant's Motion for Summary Judgment (Dkt. No. 22) is granted.

## I. Background[1]

Plaintiff, Sawitre Ann Massey, was hired by Defendant in 1988 and worked until she left Defendant's employment in 1999. (Dkt. No. 25-1 at 3). In 2007, Plaintiff was rehired by Defendant, and in 2011 she was promoted to Production Manager. *Id.* Subsequently, in March of 2013, Plaintiff was presented with discharge papers for falsifying a company document in order to manipulate the outcome of a team leader selection process. (Dkt No. 1 at ¶ 49; Dkt. No. 5 at ¶ 49; Dkt. No. 22-1 at 12).

Plaintiff filed this civil action against her former employer asserting various claims related to her termination, specifically claims for 1) discrimination against her based on her race, her sex, and her national origin in violation of Title VII of the Civil Rights Acts of 1965, 42

---

[1] The R & R sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates those without a full recitation. The Court provides a brief background here.

1

U.S.C. § 2000e, *et. seq.*; 2) racial discrimination in violation of 42 U.S.C. § 1981; 3) age discrimination pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 626, *et. seq.*; and 4) breach of contract. (Dkt. No. 1). The Magistrate Judge recommended granting Defendant's motion for summary judgment on all counts. (Dkt. No. 27). Plaintiff has filed an objection, and Defendant has filed a reply. (Dkt. Nos. 28, 29).

## II. Legal Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "agree, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 626(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord*. Fed. R. Civ. P. 72(b).

However, as to the portions of the R & R to which no objection is made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d at 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 71 advisory committee note). Additionally, the Court need not give any explanation for adopting the R & R in the absence of specific objections by the parties. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983) ("Absent objection, we do not believe that any explanation need be given for adopting the report.").

**B. Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hos. v. Am. Nat'l. Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold determination, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Celotex*, 477 U.S. at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp. Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III. Discussion

**A. Disparate Treatment Claims**

The Magistrate Judge found that Plaintiff had failed to put forward evidence of the fourth prong of a prima facie case under *McDonnell Douglas*, namely that the other employees who were not members of Plaintiff's protected class were treated more favorably or that there is some

3

other evidence giving rise to an inference of unlawful discrimination. (Dkt. No. 27 at 12-13). Plaintiff objects to this finding, arguing that Seth Strickland was a white male who engaged in the same action as Plaintiff but was not terminated. (Dkt. No. 28 at 4).

As the Magistrate Judge noted, according to Plaintiff's own testimony, the actions of Mr. Strickland and Plaintiff are not comparable. Mr. Strickland, who was not a manager like Plaintiff, did not have access to the interview forms except during the panel meeting. (Dkt. No. 22-1 at 25, 54). Plaintiff admits that Mr. Strickland had no ability to change a score outside of the meeting because he had no access to the documents. (*Id.* at 25). Taking the evidence in the light most favorable to Plaintiff, Mr. Strickland changed a score, but did so in the interview panel meeting. (*Id.* at 53). Plaintiff testifies that you can change a candidate's score in the panel meeting after discussion but that any change "has to be in the meeting." (Dkt. No. 22-1 at 27, 25; *see also id.* at 30 (stating that Plaintiff and interviewers changed a score "all three of [them] together")). Plaintiff has put forward no evidence that the score changed by Mr. Strickland was done outside of the panel meeting or without the permission of the other interviewers.

Plaintiff, on the other hand, was accused of changing the forms *after* the panel meeting. She was the manager for the position at issue and took the forms with her after the meeting. (Dkt. No. 22-1 at 24, 25). Plaintiff admits that she unilaterally changed the panel's recommendation on the forms *after* the interview panel had concluded. (Dkt. No. 22-1 at 28). Therefore, Mr. Strickland is not proper comparator.

Plaintiff also objects to the Magistrate Judge's finding that she had not put forward any other evidence to support an inference of discrimination. (Dkt. No. 28 at 5). The only evidence that she points to in her objections is that during a lunch conversation, Plaintiff complained that she had "a lot of work and I'm getting old," and that Travis Massey responded, "you're ready to

4

retire, you need to retire." (Dkt. No. 22-1 at 40). There is no evidence that Travis Massey or these comments, made in response to Plaintiff's complaints about her age and workload, were in any way related to or connected to Plaintiff's termination. (*See* Dkt. No. 1 at ¶ 49 (stating that Plaintiff was presented with discharge papers by "third level manager, Jennifer Boland-Masterson, Senior Manager Sam Brown, and Human Resource Officer Kyle")). This is simply not sufficient evidence for a reasonable jury to find that Defendant terminated Plaintiff due to her age. Therefore, summary judgment is appropriate.

**B. Breach of Contract Claim**

Plaintiff has not objected to the Magistrate Judge's finding with regard to her breach of contract claim. (*See* Dkt. No. 28). The Court agrees with the Magistrate Judge's analysis and adopts the R & R with regard to this claim.

### IV. Conclusion

For the reasons stated above, this Court adopts the R & R (Dkt. No. 27) as an order of this Court. Accordingly, Defendant's Motion for Summary Judgment (Dkt. No. 22) is GRANTED, and this case is DISMISSED.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

July 27, 2016
Charleston, South Carolina

5